## L. L. Stanley v. The State.

### No. 3266.    Decided October 25, 1905.

#### Perjury—Predicate—Allegation and Proof—Variance.

On a trial for perjury where the proof showed that defendant swore that M. did not play cards at a certain time and place at all, and the allegation in the indictment was that he played at said time and place with four certain parties, such variance between the proof and the allegation was fatal and reversible error.

Appeal from the District Court of Shelby. Tried below before Hon. Jas. I. Perkins.

Appeal from a conviction of perjury; penalty, three years imprisonment in the penitentiary.

The opinion states the case.

No brief for appellant has reached the hands of the Reporter.

*Howard Martin,* Assistant Attorney-General, for the State.—The State's answer to this proposition is that the greater includes the less;

that when he testified that he did not see him play at all, it necessarily means that he did not see him play with all these four parties. If this position is correct, it follows that the court's charge above copied is not erroneous. Hutcherson v. State, 33 Texas Crim. Rep., 67; White's Code, sec. 338.

BROOKS, Judge.—Appellant was convicted of perjury, and his punishment fixed at three years confinement in the penitentiary.

There is but one error that we deem necessary to consider. The predicate for the jury, as stated in the indictment is, as follows: that appellant  *  *  *  "did wilfully and deliberately state and testify that the said Ben McCauley did not on or about the 1st day of December, A. D. 1902, in the storehouse of Warren Mahan, or in any storehouse at or near Toomey Post Office, in Shelby County, Texas, the same not being then and there a private residence occupied by a family, play or bet at a game of cards with John McColum, Bill Harbison, Dutch Wheeler and Jeff Bergay, and which said statement was material to the issue in said cause; whereas in truth and in fact the said Ben McCauley did on or about the 1st day of December, A. D. 1902, in the storehouse of Warren Mahan, and in a storehouse at and near Toomey Post Office, in Shelby County, Texas, the same not being then and there a private residence occupied by a family, play and bet at a game with cards with John McColum, Bill Harbison, Dutch Wheeler and Jeff Bergay."

On the trial, Ben McCauley testified that appellant testified in the district court on the trial of McCauley, that he (McCauley) did not play cards in the Warren Mahan storehouse in December, 1902, and that he (McCauley) did play at said place with Bill Harbison, John McColum, Dutch Wheeler and Jeff Bergay. The county attorney testified that he was present at the trial of Ben McCauley; that appellant was a witness upon said trial; that appellant stated that he was in the storehouse about December 1, 1902, and saw a game of cards between John McColum, and Dutch Wheeler; and he testified he went in the house with Ben McCauley and stayed in the house with and came out of the house with Ben McCauley; and that he (Ben McCauley) did not play cards.

The court properly submitted the allegation upon which perjury was based in his charge to the jury. Appellant insists there is a variance between the allegations of the indictment and the proof. The proof shows in substance that appellant swore that McCauley did not play cards at said time and place at all. We think as appellant insists there is a variance in the allegations of the indictment and the proof. The allegation in the indictment is that he played with four certain parties. The evidence is that appellant swore that McCauley did not play at all. While it is not necessary that the exact words should be proven, yet the substance of exactly what he testified should be proven. This was

not done in this case. The judgment is accordingly reversed and the cause remanded.

*Reversed and remanded.*